**Alfonso ARAGON–AYON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Juan Tafolla Ramirez, Petitioner,**

v.

**Immigration and Naturalization Service, Respondent.**

**Nos. 98–70462, 98–70590**

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 1999[1]

Submission vacated and deferred June 14, 1999

Resubmitted March 6, 2000

Filed March 13, 2000

---

1. The panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Miles A. Yanick, Graham & James LLP/Riddell, Williams P.S., Seattle, Washington, for the petitioners.

John C. Cunningham, United States Department of Justice, Washington, D.C., for the respondent.

Before: LAY,[2] GOODWIN and McKEOWN, Circuit Judges.

2. The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit,

GOODWIN, Circuit Judge:

Two deportation orders affirmed by the BIA are challenged in these petitions. Because most of the questions raised were before the court in *Magana–Pizano v. INS,* 200 F.3d 603 (9th Cir.1999), our decision has been held until the decision in *Magana–Pizano* became final. We now turn to the questions presented in these petitions for review.

### (1) Our Jurisdiction to Consider the Petitions

■ *Magana–Pizano* held that the Immigration and Nationality Act ("INA"), as revised by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Pub.L. No. 104–132 and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") did not repeal 28 U.S.C. § 2241. However, habeas relief was substantially limited by the repeal of INA § 106(a)(10), the primary avenue of habeas relief in immigration cases, and judicial review of BIA orders by petition was virtually eliminated. We continue to have jurisdiction to determine whether jurisdiction exists, but if the statute applies to the petitioner, then we have no jurisdiction to overrule the removal order.

■ Review of Petitioner Ramirez's case is barred, however, by his failure to raise the issue of statutory interpretation before the immigration judge ("IJ") and the Board of Immigration Appeals ("BIA"). Accordingly, we sever the cases and dismiss Petitioner Ramirez's appeal for lack of jurisdiction.

### (2) Retroactivity

Petitioner Aragon asserts that he is not deportable as an aggravated felon under INA § 237(a)(2)(A)(iii), codified at 8 U.S.C. § 1227(a)(2)(A)(iii), because he pled guilty to a criminal offense that was not within the definition of "aggravated felony" at the time of his plea, but afterward was redefined as such pursuant to IIRIRA, and

that retroactive application of IIRIRA would violate his constitutional rights. *See Lindh v. Murphy,* 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Landgraf v. U.S. Film Prods.,* 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

### Background Facts

Aragon, who entered the United States in 1965 with his parents, but who has not become a citizen, pled guilty in 1992 to assault with a deadly weapon in the State of California. He served one year in custody and three years of supervised release. He was arrested on July 10, 1997, as a person deportable under INA § 237(a)(2)(A)(iii) as an aggravated felon. The record before us does not reveal whether Aragon was advised in 1992 of the immigration consequences, if any, of his guilty plea, nor whether his plea was "bargained down" from a conviction that would have then made him clearly eligible for deportation. It is conceded that he was not categorically deportable in 1992, but that he is deportable at this time if the statute applies retrospectively to his conviction.

### Statutory Construction

AEDPA and IIRIRA were adopted in 1996 by Congress as part of a sweeping program of immigration reform, and amended the INA in a variety of ways. Prior to these amendments, INA § 106, then codified at 8 U.S.C. § 1105, set forth the judicial review provisions applicable to appeals in immigration matters. AEDPA amended INA § 106 so as to preclude judicial review from final orders of deportation for aliens who were classified as aggravated felons. AEDPA § 440(a). Subsequently, IIRIRA substantially expanded the definition of aggravated felony to include crimes that had not been included earlier. IIRIRA § 321(a). In addition, IIRIRA repealed the judicial review provision, INA § 106, and adopted substantially

sitting by designation.

similar provisions in a new section, INA § 242.[3] *See Valderrama–Fonseca v. INS,* 116 F.3d 853, 855 (9th Cir.1997).

As a result of the 1996 amendments, an alien who qualifies as an aggravated felon within the meaning of INA § 101(a)(43) is subject to deportation under INA § 237(a)(2)(A)(iii) and is denied judicial review from a final order of deportation under INA § 242(a)(2)(C). Petitioner challenges the retroactivity of these amendments, but argues only (1) that INA § 242(a)(2)(C) violates the Suspension Clause of the U.S. Constitution, and (2) that the aggravated felony definition contained in INA § 101(a)(43) does not apply retroactively.

### The Suspension Clause of the Constitution

■ Petitioner argues that INA § 242(a)(2)(C),[4] which eliminates judicial review of final orders of removal for aliens convicted of certain criminal offenses is unconstitutional because it violates the Suspension Clause[5] when read in conjunction with INA § 242(g),[6] which limits judicial review exclusively to avenues provided by that section. However, Petitioner's argument relies entirely on two Ninth Circuit opinions that were vacated after the briefs in this case were submitted. Because the vacated opinions no longer support Petitioner's argument, and *Magana–Pizano* holds that the INA amendments did not violate the Suspension Clause, we

turn to the question whether Aragon is a deportable alien.

### Retroactivity of the Statute

■ Aragon raised the statutory interpretation issue during the hearing before the IJ, but asserted a different and unrelated issue of statutory interpretation on appeal to the BIA. The government asserts that Aragon's failure to argue to the BIA his current view of the statute precludes our taking jurisdiction of this case, despite the fact that the BIA's ruling interprets the statutory provision at issue here. We do not agree with the government on this jurisdictional point.

In the course of Aragon's proceedings, both the IJ and the BIA expressly considered whether discretionary relief from deportation under INA § 240A was precluded because Petitioner's offense constituted an aggravated felony. The IJ found that Petitioner was deportable and ineligible for discretionary relief from deportation under INA § 240A(a)(3)[7] because of his status as an aggravated felon within the meaning of INA § 101(a)(43). It appears that the BIA conducted a de novo review of Petitioner's case and, in affirming the decision of the IJ, also interpreted "aggravated felony" to include the crime committed by Petitioner. ("We find that the respondent's offense constitutes an aggravated felony.") Given that the BIA expressly interpreted and applied the term

---

**3.** INA § 106 was previously codified at 8 U.S.C. § 1105a, but was repealed by IIRIRA § 306(b), 110 Stat. 3009–612. The new judicial review provisions are contained in INA § 242, codified at 8 U.S.C. § 242.

**4.** INA 242(a)(2)(C), as codified at 8 U.S.C. § 1252(a)(2)(C), provides, in pertinent part: "Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii) [INA § 237(a)(2)(A)(iii) ]."

**5.** The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not

be suspended unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. Art I, § 9, cl. 2.

**6.** INA § 242(g), as codified at 8 U.S.C. § 1252(g), provides: "Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

**7.** Section 240A(a)(3) is codified at 8 U.S.C. § 1229b.

"aggravated felony" as defined by INA § 101(43), we have jurisdiction over Petitioner's appeal to consider whether the BIA was correct in its reading of the statute.

■ The BIA correctly applied the amended definition of aggravated felony. It is undisputed that assault with a deadly weapon is included in the amended definition of "aggravated felony" in INA § 101(a)(43)(F), but was not covered by the unamended version in effect at the time Petitioner entered his guilty plea.[8] Petitioner contends that a retroactive application of the amended definition, which would render him deportable under INA § 237(a)(2)(A)(iii),[9] is contrary to the longstanding judicial presumption against retroactivity of legislation. The government argues that this judicially-conceived presumption does not apply because Congress provided a clear directive that the revised definition was to be applied retroactively.[10]

■ In interpreting statutes, we begin with the language of the statute itself. *See Shaar v. INS*, 141 F.3d 953, 956 (9th Cir.1998). Where the plain meaning of a provision is unambiguous, that meaning is controlling. *Coronado–Durazo v. INS*, 123 F.3d 1322, 1324 (9th Cir.1997). How-

ever, where a statute is silent or ambiguous and an agency determination is concerned, this court must accept the agency's determination if it is reasonable. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Coronado–Durazo*, 123 F.3d at 1324.

■ The Supreme Court has stated:

there is a presumption against retroactive legislation [that] is deeply rooted in our jurisprudence. The principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal.

*Hughes Aircraft Co. v. United States*, 520 U.S. 939, 946, 117 S.Ct. 1871, 1876, 138 L.Ed.2d 135 (1997) (internal citations omitted). However, this presumption is applied only if Congress has not "clearly manifested its intent to the contrary." *Id.* The crucial question, is whether Congress has clearly manifested an intent for the amended definition of aggravated felony to apply retroactively. The answer is yes.

IIRIRA § 321(a)(3) reduced the sentencing requirement for an "aggravated felony" from "at least 5 years" to "at least

**8.** The current, amended version of INA § 101(a)(43), as codified at 8 U.S.C. § 1101(43)(F), provides in pertinent part that "aggravated felony" means: "(F) a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." Prior to the amendment, an "aggravated felony" included only violent crimes for which the sentence "imposed (regardless of any suspension of such imprisonment) is at least 5 years." *See* IIRIRA §§ 321(a)(3), 322(a)(2)(A).

**9.** INA § 237(a)(2)(A)(iii) is codified at 8 U.S.C. § 1227(a)(2)(A)(iii), and provides: "Any alien who is convicted of an aggravated felony at any time after admission is deportable."

**10.** The parties contend that this court must take jurisdiction of the petition before it can consider whether the BIA correctly applied the definition of "aggravated felon" as de-

fined by INA § 101(a)(43). However, at least one court that has considered this issue has done so in a jurisdictional context. In *Yang v. INS*, 109 F.3d 1185, 1192–93 (7th Cir. 1997), the Seventh Circuit held that an alien who is alleged by the Attorney General to be deportable as an aggravated felon is nonetheless entitled to some form of judicial review, if only with respect to the proper and valid application of the INA provision barring judicial review. ("When judicial review depends on a particular fact or legal conclusion, then a court may determine whether that condition exists. The doctrine that a court has jurisdiction to determine whether it has jurisdiction rests on this understanding.... Whether Yang is an alien deportable by reason of certain crimes is open to review, although the answer 'yes' would have foreclosed any further judicial role.") *Cf. Land v. Dollar*, 330 U.S. 731, 739, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Adamo Wrecking Co. v. United States*, 434 U.S. 275, 98 S.Ct. 566, 54 L.Ed.2d 538 (1978).

one year." *See* INA § 101(a)(43)(F). This section goes on to provide an effective date for the amended definition by amending INA § 101 to read: "Notwithstanding any other provision of law (including any effective date), the term applies regardless of whether the conviction was entered before, on, or after September 30, 1996."[11] Finally, the effective date of the entire provision is explained: "The amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act, regardless of when the conviction occurred...." IIRIRA § 321(c).

The government asserts that these provisions contain a clear and express directive from Congress that the amended definition of aggravated felony should be applied to any and all criminal violations committed by an alien after his or her entry into the United States, whether they were committed before or after the amended definition went into effect. Section 321(b) of IIRIRA does not leave Petitioner room to argue otherwise, as it clearly states that the revised definition applies to convictions entered before the enactment date. *See, e.g., Moosa v. INS,* 171 F.3d 994, 1007 (5th Cir.1999) (observing that the similar language of § 322 "leaves no doubt that Congress intended for the definition ... to be applied retroactively.") In 1957, the Supreme Court held that a person convicted in 1925 of a narcotics offense could be deported under a 1952 statute making such offenses ground for deportation. *Mulcahey v. Catalanotte,* 353 U.S. 692, 694, 77 S.Ct. 1025, 1 L.Ed.2d 1127 (1957). The statute at issue then provided for the deportation of any alien "who *at any time* has been convicted of a violation of any law ... relating to the illicit traffic in narcotic drugs." (emphasis added). IIRIRA is even clearer than the 1952 statute.

Petitioner argues, however, that IIRIRA § 321(c) creates some ambiguity about Congress' intent. He suggests that "actions taken" could refer either to the criminal action of the alien, or to the initiation of proceedings by the INS. If the phrase refers to criminal actions by the alien, as Petitioner would have this court believe, then § 321(c) implies that Congress did not clearly intend for the amendment to be retroactive. Petitioner's argument falls flat, however, in light of existing precedent in this circuit.

This court had occasion to consider the meaning of "actions taken," as it is used in IIRIRA § 321(c), in *Valderrama–Fonseca v. INS,* 116 F.3d 853 (9th Cir.1997). The court considered three possible interpretations of "action" as used in IIRIRA § 321(c): (1) an order or decision against the alien by the Attorney General; (2) a step taken by the alien to obtain relief from a decision by the agency; (3) "any action by anyone" including a reviewing court, which the court held to be implausible. 116 F.3d at 856. The court observed that the first interpretation was supported by the use of "action" elsewhere in the INA, and also "makes logical and practical sense, as 'actions taken' is easily understood to encompass things done by an agency to an alien." *Id.* The court also noted that the "tenor of the effective date provision [contained in § 321(c)] is to make the aggravated felony amendments applicable to anything done by the Attorney General after the effective date (without regard to when the conviction occurred) except for what is done solely on account of the alien's reentering the country." *Id.* at 856–57. *Accord Ortiz v. INS,* 179 F.3d 1148, 1155, (9th Cir.1999); *Choeum v. INS,* 129 F.3d 29, 36–37 (1st. Cir. 1997); *Mendez–Morales v. INS,* 119 F.3d 738, 738–39 (8th Cir.1997) (per curiam) (applying the amended definition of "aggravated felony" to include petitioner's 1992 criminal conviction).

The legislative history of IIRIRA also confirms that the "aggravated felony" definition was meant to apply to criminal convictions entered before IIRIRA's effective

---

**11.** IIRIRA § 321(b), amendment codified at 8    U.S.C. § 1101(a)(43).

date. In the House Conference Report that accompanied IIRIRA, Congress expressly noted that amended definition of "aggravated felony" contained in § 321 would not be applied ex post facto to prosecutions brought by the Attorney General under INA § 276(b). *See* H.R. Conf. Rep. No. 104–828, 104th Cong., 2nd Sess. 1996 (*available in* 1996 WL 563320 p. 495). ("The amendment provides that the amended definition of 'aggravated felony' applies to offenses that occurred before, on, or after the date of enactment. This section also provides, in section 321(c), that there shall be no ex post facto application of this amended definition in the case of prosecutions under INA section 276(b) . . .").

Clearly, Congress understood the retroactive impact of IIRIRA § 321(b) as drafted, in part because it took steps to make one express exception to retroactive application. It is reasonable to infer, from the absence of any further comment from Congress, that it intended the amended definition to be retroactive in all other cases, just as the language provides. *See, e.g., INS v. Cardoza–Fonseca,* 480 U.S. 421, 432, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Such an interpretation is also consistent with Congress' stated intent to adopt a comprehensive reform of American immigration law, and to make it more difficult for criminal aliens to obtain relief from removal orders. *See* H.R. Rep. No. 104–879, at 107–09 (1997)., (*available in* 1997 WL 9288 p. 258–262).

## CONCLUSION

We are satisfied that Congress intended the 1996 amendments to make the aggravated felony definition apply retroactively to all defined offenses whenever committed, and to make aliens so convicted eligible for deportation notwithstanding the passage of time between the crime and the removal order. Accordingly, the Petition is denied, and the motion for attorney fees is denied as moot.

PETITION DENIED