**Ernesto T. GARCIA Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70374.

I & NS No. A26–254–031.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 1, 2001.

Decided Oct. 17, 2001.

Before O'SCANNLAIN, and PAEZ, Circuit Judges, and KING,* District Judge.

MEMORANDUM **

Ernesto T. Garcia, a native and citizen of the Philippines, petitions for review of a decision of the Board of Immigration Appeals ("BIA") upholding an Immigration Judge's ("IJ") determination denying him adjustment of status, voluntary departure,

---

\* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

and waiver of inadmissibility. For the reasons set forth, we deny the petition.

Jurisdiction in this case falls under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 (1996) ("IIRIRA"), because (1) immigration proceedings were initiated before IIRIRA's effective date of April 1, 1997 and (2) the BIA's final order of deportation was issued after October 30, 1996. *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

Under IIRIRA's transitional rules, "there shall be no appeal of any discretionary decision under section 212(c), 212(h), 212(i), 244, or 245 of the Immigration and Nationality Act [sections 1182(c), 1182(h), 1182(i), 1254, or 1255 of this title] as in effect as of the date of the enactment of this Act [Sept. 30, 1996])." IIRIRA § 309(c)(4)(E), 8 U.S.C.A. § 1101 historical and statutory notes (1999) (brackets in original).

However, "[w]e continue to have jurisdiction to determine whether jurisdiction exists[.]" *Aragon–Ayon v. INS*, 206 F.3d 847, 849 (9th Cir.2000). The court also has jurisdiction over due process challenges. *Antonio–Cruz v. INS*, 147 F.3d 1129, 1130 (9th Cir.1998).

■ Garcia applied for adjustment of status under section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255 (1986), pursuant to an immediate relative visa petition. Such relief is discretionary. *See* 8 U.S.C. 1255(a). The IJ exercised his discretion when he denied adjustment on the merits, basing his decision in part on Garcia's false representations to an INS investigator on September 2, 1987 as well as equivocations and contradictory testimony at the hearing on November 7, 1989 and in previous applications. Accordingly, we lack jurisdiction

over the discretionary denial of adjustment of status. *Kalaw*, 133 F.3d at 1150.

■ Similarly, voluntary departure falls under section 244 of the INA, 8 U.S.C. § 1254(e) (1996). Voluntary departure is discretionary. *Antonio–Cruz*, 147 F.3d at 1130. The IJ exercised his discretion in denying the application for voluntary departure for reasons similar to the denial of adjustment of status. We therefore lack jurisdiction to consider a challenge to the BIA's decision upholding the denial of voluntary departure. *Kalaw*, 133 F.3d at 1150.

As for waiver under former INA section 212(h) or (i), the IJ's decision regarding the application was also a matter of discretion. *See Casem v. INS*, 8 F.3d 700, 702–03 (9th Cir.1993). Again, under IIRIRA's transitional rules, we lack jurisdiction to review such discretionary decisions. *See Kalaw*, 133 F.3d at 1150; *see also Westover v. Reno*, 202 F.3d 475, 481 (1st Cir.) ("Since the IJ denied Westover's application for adjustment of status as a matter of discretion, there was no need to adjudicate the form I–601 ."), *cert. denied*, 531 U.S. 813, 121 S.Ct. 46, 148 L.Ed.2d 16 (2000).

■ As to Garcia's constitutional argument, over which we do have jurisdiction, there simply was no showing of a due process violation. There was sufficient evidence for the IJ and BIA to conclude that Garcia lied on his application about his arrest and once again at the interview with the INS. Moreover, assuming the IJ had specifically found Garcia excludable because of fraud or misrepresentation, it is not improper, as a matter of law, to consider the underlying fraud in exercising discretion to grant or deny a waiver. *See INS v. Yang*, 519 U.S. 26, 30–32, 117 S.Ct. 350, 136 L.Ed.2d 288 (1997) (rejecting position that the Attorney General may not consider the fraud establishing eligibility for waiver in determining the actual waiv-

er). Finally, there is no due process prohibition against the IJ asking questions of a petitioner. *See Antonio–Cruz,* 147 F.3d at 1131.

PETITION FOR REVIEW DENIED.

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States of America.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Federal Rules of Appellate Procedure 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.