**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alfonso VILLASENOR–MARTINEZ, Defendant–Appellant.**

No. 00–50378.

D.C. No. CR–99–02582–NAJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2001.

Decided Dec. 21, 2001.

Before HUG, DUHÉ,* and RICHARD C. TALLMAN, Circuit Judges.

## MEMORANDUM **

DUHÉ, Circuit Judge.

Alfonso Villasenor–Martinez ("Villasenor") appeals his conviction under 8 U.S.C. § 1326 for being a deported alien found in the United States improperly, arguing that his underlying deportation was invalid. Because no statute was improperly retroactively applied to Villasenor, he was not denied due process, and his sentence did not violate *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we conclude that Villasenor's deportation was valid and therefore AFFIRM his conviction and sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

Villasenor, a citizen of Mexico, was accorded lawful permanent resident status in 1990. In June 1996, he pled guilty to robbery. Villasenor was not deportable at the time of his plea. He was sentenced to 180 days custody and five years probation.

In April 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (codified in relevant part at 8 U.S.C. § 1182 (1996)). Section 440(d) of AEDPA rendered aliens convicted of aggravated felonies, regardless of the length of their sentence, ineligible for discretionary relief from deportation under § 212(c) of the Immigration and Nationality Act

("INA").[1] Villasenor pled guilty after AEDPA was enacted, but because his crime was not an "aggravated felony" for which he could be deported the change in eligibility requirements in AEDPA did not affect him.

Then in September 1996, after Villasenor's guilty plea, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546 (codified in relevant part at 8 U.S.C. §§ 1101, 1182, 1224, 1229, 1230, and 1252 (1996)). Section 321 of IIRIRA reduced the sentence required to trigger "aggravated felony" status for a crime of violence from five years to one year imprisonment. *See* 8 U.S.C. § 1101(a)(43)(F) (1996). Moreover, § 304 of IIRIRA repealed § 212(c) relief entirely, replacing it with a procedure called "cancellation of removal." *See* 8 U.S.C. § 1229b (1996). Consistent with AEDPA, § 304 of IIRIRA provided that cancellation of removal is not available to an alien convicted of any aggravated felony. *See* 8 U.S.C. § 1229b(a) (1996). These changes did not affect Villasenor either, as he was sentenced to a term of less than one year imprisonment, and thus was still neither an aggravated felon nor deportable.

In June 1997, Villasenor's parole was revoked and he was sentenced to two additional years in custody. By the time he was released in 1999, Villasenor had served over one year in prison, thereby rendering his offense an "aggravated felony" under the 1996 amendments. *See* 8 U.S.C. § 1101(a)(43)(G). The Immigration and Naturalization Service ("INS") then

* Honorable John M. Duhé Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Under prior law, an aggravated felon was eligible for such discretionary relief if he served a term of imprisonment less than five years. *See* 8 U.S.C. § 1182(c) (1995).

commenced deportation proceedings against him, and the Immigration Judge ("IJ") ordered that he be deported. Villasenor appealed to the Board of Immigration Appeals ("BIA"), but the BIA affirmed on the basis that he was ineligible for cancellation of removal under 8 U.S.C. § 1229b.

In September 1999, Villasenor was indicted for attempted reentry into the United States in violation of 8 U.S.C. § 1326. He moved the district court to dismiss the indictment on the basis that his deportation was invalid because the IJ had not informed him of his right to seek a discretionary waiver of removal. He also submitted a declaration that he believed he would not be deported when he entered his guilty plea, and that if he was deportable, he believed at that time he had the right to seek a discretionary waiver. The court denied the motion, and Villasenor entered a conditional guilty plea to the § 1326 charge.

Villasenor now appeals his conviction. He argues that his § 1326 conviction cannot stand because it was based on an unlawful deportation, because in his deportation hearing the IJ improperly applied AEDPA and IIRIRA retroactively to deny him § 212(c) discretionary relief. He further argues that his Due Process rights were violated by the application of AEDPA and IIRIRA, as well as by the use of his deportation as an element of a § 1326 violation. Finally he challenges his sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We will consider these arguments in turn.

### AEDPA AND IIRIRA WERE PROPERLY APPLIED TO VILLASENOR

Villasenor first claims that AEDPA and IIRIRA were improperly retroactively applied to him. We review the district court's determination whether a statute applies retroactively *de novo*. *See Means v. Nortern Cheyenne Tribal Court*, 154 F.3d 941, 943 (9th Cir.1998), *overruled on other grounds by United States v. Enas*, (en banc) 255 F.3d 662 (9th Cir.2001). We hold that neither AEDPA nor IIRIRA was improperly applied to Villasenor.

*A. Application of AEDPA to Villasenor*

AEDPA § 440(d) rendered aliens convicted of aggravated felonies ineligible for discretionary relief from deportation. *See* 8 U.S.C. § 1182 (1996). It became relevant for Villasenor only upon his service of one year of custody for his robbery conviction, because that is when he became an aggravated felon ineligible for § 212(c) relief. That was not until 1998.

■ The issue for our review is whether application of AEDPA § 440(d) to a defendant who had not been convicted of an aggravated felony at the time AEDPA was passed, but subsequently became an aggravated felon, is appropriate. It clearly is. That is straightforward prospective application of a statute, which is certainly lawful. Because there is no genuine retroactivity here, application of AEDPA § 440(d) to Villasenor was proper.

*B. Application of § 321 of IIRIRA to Villasenor*

■ IIRIRA § 321 reduced the sentence required to trigger "aggravated felon" status from five years to one year imprisonment. *See* 8 U.S.C. § 1101(a)(43)(F) (1996). In *Aragon–Ayon v. INS*, 206 F.3d 847 (9th Cir.2000), this Court held that Congress clearly expressed its intent that § 321 was to be applied retroactively to crimes committed before IIRIRA's enactment. *See* 206 F.3d at 853. This squarely governs Villasenor's case. The robbery that Villasenor committed before IIRIRA was enacted became

an aggravated felony when Villasenor served a year in prison for it.

### C. Application of § 304 of IIRIRA to Villasenor

■ IIRIRA § 304 repealed § 212(c) relief entirely and replaced it with a procedure called "cancellation of removal". *See* 8 U.S.C.A. § 1229b (1996). Because Villasenor was not deportable until he became an aggravated felon in 1998, he was never eligible for § 212(c) relief, *see supra.* Therefore, passage of this section did not affect him at all. When Villasenor became deportable in 1998, he became eligible for whatever relief from deportation was available to aliens in his position at that time.

Villasenor argues that the Supreme Court's recent decision in *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) controls his case. He is mistaken. In *St. Cyr,* the Supreme Court held that § 212(c) relief remains available for aliens, like St. Cyr, whose convictions were obtained through plea agreements and who *would have been eligible for § 212(c) relief at the time of their plea under the law then in effect. See* 533 U.S. 289, 121 S.Ct. at 2287–93. Villasenor is not similarly situated to St. Cyr. He was not eligible for § 212(c) relief at the time of his plea, because he was not then deportable. The Supreme Court's decision in *St. Cyr* does not govern Villasenor's case.

### VILLASENOR'S DUE PROCESS RIGHTS WERE NOT VIOLATED

Villasenor next claims that his due process rights were violated by the application of AEDPA and IIRIRA to him, as well as by the use of his deportation as an element of his § 1326 offense. Aliens in deportation proceedings must be accorded due process. *See United States v. Lara-Aceves,* 183 F.3d 1007, 1011 (9th Cir.1999), *cert. denied,* 528 U.S. 1095, 120 S.Ct. 836, 145 L.Ed.2d 702 (2000), *overruled on other*

*grounds by United States v. Rivera-Sanchez,* 247 F.3d 905 (9th Cir.2001) (en banc). We review the district court's determination whether a statute denies a defendant due process *de novo. See United States v. Hanousek,* 176 F.3d 1116, 1121 (9th Cir. 1999), *cert. denied,* 528 U.S. 1102, 120 S.Ct. 860, 145 L.Ed.2d 710 (2000). Villasenor's due process rights were not violated.

### A. Application of AEDPA and IIRIRA Did Not Violate Due Process

Villasenor claims that he was denied due process when AEDPA and IIRIRA were retroactively applied to him. Because there was no retroactive application of AEDPA or IIRIRA § 304, *see supra,* we will address this claim with respect only to § 321 of IIRIRA.

■ This due process claim fails. Villasenor argues that he has a due process right not to be deemed ineligible for discretionary relief from removal based on the expanded definition of aggravated felony found in IIRIRA § 321. The critical flaw in this argument is that aliens have no legal entitlement to suspension of deportation. "[T]he Attorney General's suspension of deportation [is] "an act of grace" which is accorded pursuant to [his] 'unfettered discretion', *Jay v. Boyd,* 351 U.S. 345, 354, 76 S.Ct. 919, 925, 100 L.Ed. 1242 (1956), ..., and [can be likened, as Judge Learned Hand observed,] to "a judge's power to suspend the execution of a sentence, or the President's to pardon a convict," 351 U.S. at 354 n. 16, 76 S.Ct. 919 ... *INS v. Yueh-Shaio Yang,* 519 U.S. 26, 30, 117 S.Ct. 350, 352–53, 136 L.Ed.2d 288 (1996). No due process rights attach to this decision.

Villasenor has no constitutionally protected right to discretionary relief from removal, so he cannot, at least in these circumstances, claim a substantive due process violation based on Congress's deci-

sion in IIRIRA to make a broader class of aliens ineligible for this relief. In any event, Villasenor fails to show that Congress's decision to apply its expanded definition of aggravated felony to convictions predating IIRIRA was irrational.

### B. Use of Deportation as Element of § 1326 Offense Did Not Violate Due Process

■ Villasenor argues that he was denied due process when his deportation, which was based on a retroactive application of AEDPA and IIRIRA, was used as an element of his offense under 8 U.S.C. § 1326. Again, because only IIRIRA § 321 was applied retroactively, his claim will be addressed only with regard to that section.

Villasenor cites no authoritative opinion supporting this argument. In fact, the Supreme Court in *United States v. Mendoza–Lopez*, 481 U.S. 828, 838, 107 S.Ct. 2148, 2155, 95 L.Ed.2d 772 (1987), assumed that a valid deportation proceeding could be used as the predicate for a § 1326 offense. Moreover, the retroactive application of IIRIRA § 321 in Villasenor's case was perfectly appropriate, *see supra*, and such application neither renders suspect his deportation, nor the use of that deportation as an element of the § 1326 charge.

Although Villasenor concedes that an alien does not have a Sixth Amendment right to counsel during a deportation proceeding, he argues that § 1326 unconstitutionally authorizes the use of the uncounselled deportation as an element of the § 1326 offense. He also argues that using a deportation as a predicate for a § 1326 offense offends due process because deportation proceedings use relaxed rules of evidence and summary procedures. However, in *Lara–Aceves*, 183 F.3d at 1011, this Court held the use of a deportation proceeding to support a § 1326 charge comports with due process.

### VILLASENOR DOES NOT HAVE A VALID *APPRENDI* CLAIM

Villasenor finally challenges his sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument fails as a result of this Court's holding in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir. 2000), *as amended on reh'g* (Feb. 8, 2001), *cert. denied*, —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001), and we summarily reject it.

### CONCLUSION

Because AEDPA and IIRIRA were properly applied to him, his due process rights were not violated, and his sentence does not violate *Apprendi*, Villasenor's appeal of his deportation fails. Villasenor's conviction is AFFIRMED.