Enrique GUZMAN–LOARCA, aka
Luis Guzman, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 00–71290.

INS No. A41–500–140.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002 *.

Decided Jan. 24, 2002.

Before KLEINFELD, HAWKINS, and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Enrique Guzman–Loarca, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order issued on the grounds that petitioner is an alien convicted of an aggravated felony. The permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply to this case because removal proceedings were initiated against petitioner after April 1, 1997. *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We grant the petition.

"Because the issue in this appeal is whether [petitioner] committed an aggra-vated felony, and because we have jurisdiction to determine our own jurisdiction, *see Aragon–Ayon v. INS,* 206 F.3d 847, 849 (9th Cir.2000), the jurisdictional question and the merits collapse into one." *Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir.2000).

Because petitioner's conviction for the offense of second degree burglary of a vehicle in violation of California Penal Code § 459 with a sentence of three years is not an aggravated felony, petitioner is not removable for being an aggravated felon under 8 U.S.C § 1227(a)(2)(A)(iii). *See id.* (stating that vehicle burglary under California Penal Code § 459 does not qualify as a burglary or crime of violence as those terms are used in the definition of aggravated felony.)

PETITION GRANTED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

