UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Salvador CASTILLO,
Defendant–Appellant.

No. 02–50488.

D.C. No. CR–02–01110–IEG.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.[*]

Decided June 19, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

## MEMORANDUM[**]

Juan Salvador Castillo appeals his conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326, contending that his underlying deportation order was invalid. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's order denying a collateral attack on a deportation proceeding. See *United States v. Proa–Tovar*, 975 F.2d 592, 594 (9th Cir. 1992). We affirm.

Although Castillo's conviction occurred prior to enactment of the Illegal Immigration Responsibility and Reform Act ("IIRIRA"), section 321 still applies to his case because Congress expressly directed that section 321 operate retroactively. See *Aragon–Ayon v. INS*, 206 F.3d 847, 851–53 (9th Cir.2000); see also *INS v. St. Cyr*, 533 U.S. 289, 316, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (holding that statutes shall be applied retroactively when explicitly directed by Congress).

Castillo's contention that the reinstatement procedures set forth in section 241(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(5), violate his procedural due process rights lacks merit because Castillo received one full and fair hearing, including the right to judicial review of that hearing. See *Alvarenga–Villalobos v. Ashcroft*, 271 F.3d 1169, 1173–74 (9th Cir.2001).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, McDaniel's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.