Martha Isabel CARDENAS–GARCIA, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72238.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 24, 2004.

Reynold E. Finnegan, Esq., Finnegan & Diba, Los Angeles, CA, for Petitioner.

Before: B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM **

Martha Isabel Cardenas–Garcia, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's order of removal. We have jurisdiction to determine our own jurisdiction, *Aragon–Ayon v. INS*, 206 F.3d 847, 849 (9th Cir.2000), and we deny the petition in part, and dismiss in part.

Petitioner contends that the new definition of "aggravated felony," adopted pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), should not have applied to her criminal conviction, which she entered into prior to the enactment the IIRIRA. This contention is foreclosed by *Aragon–Ayon v. INS. See id.* at 853 (recognizing that definition of aggravated felony applies retroactively to all defined offenses whenever committed).

Because Petitioner was convicted of an aggravated felony, we lack jurisdiction to review the order of removal further. *See* 8 U.S.C. § 1252(a)(2)(C). Because discretionary relief may be available by way of habeas corpus proceedings in accordance with *INS v. St. Cyr*, 533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), we stay the mandate for removal for an additional 30 days beyond the date that mandate would ordinarily issue.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.