Regina Maria Garcia DA SILVA, Petitioner–Appellant,

v.

Alberto R. GONZALES, Attorney General, Respondent– Appellee.

No. 05–15621.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2006.*

Filed Oct. 23, 2006.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioner–Appellant.

Jonathan Lee, Office of the U.S. Attorney, San Francisco, CA, for Respondent– Appellee.

Before: GRABER, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Regina Maria Garcia Da Silva ("Da Silva") petitions for review[1] of an order of the Board of Immigration Appeals affirming a decision by the Immigration Judge ordering Da Silva removed. On June 27, 1996, Da Silva was convicted of attempted voluntary manslaughter in violation of California Penal Code §§ 192(a) and 664, and attempting to dissuade/dissuading a witness, in violation of California Penal Code § 136.1(c)(2). Da Silva received consecutive sentences of three years' incarceration for each conviction and actually served more than five years in prison.[2] Accordingly, when the former Immigration and Naturalization Service initiated removal

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Both parties concede our jurisdiction and agree—as do we—that we should construe Da Silva's habeas petition as a petition for review under the REAL ID Act of 2005, Pub.L. No. 109–13, Div. B, 119 Stat. 231 (2005). *See*

*Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1052–53 (9th Cir.2005).

2. Da Silva's sentence for attempted voluntary manslaughter was also enhanced by four years pursuant to California Penal Code § 12022.7(d) ("Any person who personally inflicts great bodily injury under circumstances involving domestic violence in the commission or attempted commission of a felony shall ... be punished by an additional term of three, four, or five years."). Because Da Silva was convicted of a crime of violence with a

proceedings against Da Silva in 2001, Da Silva was ineligible for relief under the former § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). *See* 8 U.S.C. § 1101(a)(43) (1996); *see also Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1054 (9th Cir.2005) (applying definition of aggravated felony in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") to conviction dated May 27, 1996); *Cordes v. Gonzales,* 421 F.3d 889, 894–95 (9th Cir.2005) (applying definition of aggravated felony in IIRIRA to conviction dated May 30, 1996); *Aragon–Ayon v. INS,* 206 F.3d 847, 853 (9th Cir.2000) ("We are satisfied that Congress intended [IIRIRA] to make the aggravated felony definition apply retroactively to all defined offenses whenever committed, and to make aliens so convicted eligible for deportation notwithstanding the passage of time between the crime and the removal order."). Furthermore, *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), is inapplicable to this case and can afford Da Silva no relief. *See Cordes,* 421 F.3d at 894–95.

PETITION DENIED.

---

term of imprisonment of at least one year, we need not decide whether Da Silva's additional four-year sentence should be considered in calculating the length of her sentence for the underlying aggravated felony conviction.

