Francisco J. COSIO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–75649.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 15, 2007.

Xavier Rosas, Law Offices of Enrique Arevalo, South Pasadena, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur F. Norton, U.S. Department of Justice, Richard M. Evans, Esq., Susan K. Houser, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Francisco J. Cosio, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. *See Fernandez–Ruiz v. Gonzales*, 468 F.3d 1159, 1163 (9th Cir.2006). We review de novo, *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002), and deny the petition for review.

Cosio's 1988 conviction for possession for sale of a controlled substance constitutes an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B) (defining illicit trafficking in a controlled substance as an aggravated felony); *see also Aragon–Ayon v. INS*, 206 F.3d 847, 851 (9th Cir.2000) (holding that Congress "clearly manifested an intent for the amended definition of aggravated felo-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ny to apply retroactively" to all defined offenses whenever committed).

Cosio was not eligible for a discretionary waiver at the time he pled and, thus, there is no impermissible retroactive effect. *Cf. Lopez–Castellanos v. Gonzales,* 437 F.3d 848, 853 (9th Cir.2006) ("[t]o deprive Lopez–Castellanos of eligibility for discretionary relief would produce an impermissibly retroactive effect for aliens, who, like Lopez–Castellanos, were eligible for a discretionary waiver at the time of the plea.").

The BIA therefore correctly concluded that Cosio was ineligible for both special-rule cancellation of removal under section 203 of the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NA-CARA") and cancellation of removal under 8 U.S.C. § 1229b(b). *See Ortiz v. INS,* 179 F.3d 1148, 1154 n. 7 (9th Cir.1999) (stating that relief under NACARA is available only to those who have not been convicted of an aggravated felony); *see also* 8 U.S.C. § 1229b(b)(1)(C) (barring cancellation of removal to individuals who have been convicted of offenses under INA § 237(a)(2), which includes aggravated felonies).

**PETITION FOR REVIEW DENIED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.