**Lucio ROLON–MORALES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71553.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 9, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nicolas J. Estrada, Esq., Law Office of Nicolas J. Estrada, Redondo Beach, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Lucio Rolon–Morales, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004), and we deny the petition for review.

Rolan–Morales has failed to challenge the agency's determination that his asylum application is time-barred, which is dispositive. He also failed to support with argument his contention that he is entitled to CAT protection. He has therefore waived these issues. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (stating that issues not supported by argument are deemed waived).

Substantial evidence supports the agency's conclusion that Rolan–Morales is not eligible for withholding of removal because Rolan–Morales' fear that he would be targeted by corrupt Mexican officials is highly speculative. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003) (declining to credit a speculative future persecution claim). Accordingly, Rolan–Morales's claim for withholding of removal fails.

ed by 9th Cir. R. 36–3.

Rolan–Morales' contention that the retroactive application of the expanded aggravated felony definition in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), 8 U.S.C. § 1101(a)(43), violates due process is foreclosed by our precedent. *See Aragon–Ayon v. INS*, 206 F.3d 847, 853 (9th Cir. 2000) ("We are satisfied that Congress intended the 1996 amendments to make the aggravated felony definition apply retroactively to all defined offenses whenever committed. . . .").

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.