**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



CATHERINE NDAMBO,

           Petitioner,

  v.

ERIC H. HOLDER, JR.,** Attorney
General,

           Respondent.

No. 04-72147

Agency No. A079-807-259

MEMORANDUM *

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 15, 2010
Seattle, Washington

Before:     TASHIMA and TALLMAN, Circuit Judges, and MARSHALL***
District Judge.

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

    **     Eric H. Holder, Jr., is substituted for his predecessor, as Attorney
General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

    ***     The Honorable Consuelo B. Marshall, United States District Judge for
the Central District of California, sitting by designation.

Catherine Ndambo, a native and citizen of Kenya, petitions for review of the decision of the Board of Immigration Appeals ("BIA") adopting and affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Ndambo fears being forcibly circumcised by her husband, who is a member of the Mungiki sect, a political and religious group which advocates female genital mutilation ("FGM").

## BACKGROUND

The BIA affirmed the IJ's determination that Ndambo's asylum application was time-barred. The BIA also affirmed the IJ's alternative finding that even assuming arguendo that Ndambo's asylum application was not time-barred, she had not carried her burden of establishing that she held an objectively reasonable fear of FGM, given that she had lived safely in Kenya for several years before leaving for the United States. Having failed to prove her eligibility for asylum, the IJ held that Ndambo could not meet the higher evidentiary burden required to qualify for withholding for removal. Finally, the IJ held that Ndambo failed to establish that she had a claim under the CAT because the FGM she fears would not occur with the consent or acquiescence of the Kenyan government.

## JURISDICTION TO REVIEW ASYLUM CLAIM

-2-

This Court has jurisdiction to consider Ndambo's petition for review of the BIA's decision under 8 U.S.C. § 1252(a). Ndambo's petition presents the question of whether we have jurisdiction to review the IJ's determination that her application for asylum was time-barred. As an initial matter, we "have jurisdiction to determine whether jurisdiction exists." *Aragon-Ayon v. INS*, 206 F.3d 847, 849 (9th Cir. 2000).

Ndambo arrived in the United States on March 15, 2001. Under the Immigration and Naturalization Act ("INA"), an application for asylum ordinarily must be filed "within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Her one year to file an application ended on March 15, 2002. *See Minasyan v. Mukasey*, 553 F.3d 1224, 1225 (9th Cir. 2009). Her application was filed on January 2, 2003 – 293 days late.

An application made more than one year after arrival in the United States "may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General . . . the existence of changed circumstances which materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(D). Ndambo testified that changed county conditions, in particular the death of her sister in March 2002 from forced circumcision by the Mungiki, should excuse her late filing. The IJ

rejected this argument and found that there was not "any basis for a [sic] changed country conditions to accept the late filing" in Ndambo's case.

The INA provides that "'[n]o court shall have jurisdiction to review any determination of the Attorney General' regarding the one-year bar or its exceptions for changed or extraordinary circumstances." *Husyev v. Mukasey*, 528 F.3d 1172, 1178 (9th Cir. 2008) (quoting 8 U.S.C. § 1158(a)(3)). However, the REAL ID Act of 2005 partially overrode this jurisdictional prohibition when it restored jurisdiction over "questions of law" to this Court. *See id.* (discussing 8 U.S.C. § 1252(a)(2)(D)). This Court held in *Ramadan v. Gonzales*, 479 F.3d 646 (9th Cir. 2007), that "'questions of law,' . . . extends to questions involving the application of statutes or regulations to undisputed facts." *Id.* at 650. Nevertheless, we still lack jurisdiction to consider an appeal of a changed circumstances determination where there are disputed facts at issue. *Id.*

Ndambo's counsel conceded at oral argument that whether changed circumstances exist in this case is a question of disputed facts. Because material facts are in dispute, we do not have jurisdiction to review the decision of the IJ, affirmed by the BIA, that changed circumstances do not exist in Ndambo's case to excuse the filing of her asylum petition after the one-year deadline. *See* 8 U.S.C. §

1158(a)(3). Therefore, the portion of Ndambo's petition for review challenging the denial of her petition for asylum is dismissed for lack of jurisdiction.

## WITHHOLDING OF REMOVAL CLAIM

"There is no statutory time limit for bringing a petition for withholding of removal." *Himri v. Ashcroft*, 378 F.3d 932, 937 (9th Cir. 2004) (citing 8 U.S.C. § 1231(b)(3)). Therefore, even though Ndambo's asylum claim is time-barred, her claim for withholding of removal is not.

An applicant will qualify for mandatory withholding of removal if she can show that her "life or freedom would be threatened" if returned to her home country due to her membership in a particular social group by "persons or organizations which the government is unable or unwilling to control." *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004). She must meet a higher evidentiary burden by proving that it is "more likely than not" that she will be subject to such persecution. *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001).

Ndambo has not met this higher burden by presenting evidence that compels the conclusion that it is more likely than not that her life or freedom would be threatened if she returned to Kenya. During the years after she separated from her husband and lived in Nairobi, although she received threats, she was not subject to physical harm. Given her prior ability to live safely in Kenya, we cannot say that

the evidence compels a finding that Ndambo's life or freedom would more likely than not be threatened upon her return there. The portion of her petition for review challenging the denial of her claim for withholding of removal is denied.

## CONVENTION AGAINST TORTURE CLAIM

Ndambo does not qualify for relief under the CAT. "INS regulations unequivocally dictate that an alien has no right to withholding of removal under the Torture Convention absent evidence of public officials' 'consent or acquiescence.'" *Azanor v. Ashcroft*, 364 F.3d 1013, 1019 (9th Cir. 2004) (internal citation omitted). Ndambo did not provide any evidence that the Kenyan government consents or acquiesces to the performance of FGM. Further, her counsel conceded at oral argument that Ndambo had abandoned her CAT claim. The portion of her petition for review challenging the BIA's denial of her CAT claim is therefore denied.

## CONCLUSION

For the reasons discussed above, Ndambo's petition for review is DISMISSED in part and DENIED in part.