**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICCI PEREZ-GOMEZ, | No. 07-71371 |
| Petitioner, | Agency No. A035-666-925 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Ricci Perez-Gomez, a native and citizen of Nicaragua, petitions for review

of the Board of Immgiration Appeals' ("BIA") decision dismissing his appeal from

an immigration judge's ("IJ") removal order.  We have jurisdiction under 8 U.S.C.

§ 1252.  We review de novo questions of law, *Castillo-Cruz v. Holder*, 581 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1154, 1158-59 (9th Cir. 2009), and we dismiss in part and deny in part the petition for review.

The IJ determined that Perez-Gomez was removable under 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien who has been convicted of two crimes involving moral turpitude, and that he was ineligible for former section 212(c) relief. We lack jurisdiction to review these determinations because Perez-Gomez failed to challenge them before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Perez-Gomez's contention that he qualifies for an exception to the exhaustion requirement is unpersuasive.

Because Perez-Gomez's 1985 conviction for lewd and lascivious acts with a child under fourteen in violation of Cal. Penal Code § 288(a) constitutes an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A), *see United States v. Baron-Medina*, 187 F.3d 1144, 1146-47 (9th Cir. 1999), the agency did not err in concluding that he was statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3). *See Aragon-Ayon v. INS*, 206 F.3d 847, 853 (9th Cir. 2000) ("Congress intended the 1996 amendments to make the aggravated felony definition apply retroactively to all defined offenses whenever committed . . . ").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

07-71371