**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE CONTRERAS PINEDA, | No. 14-73945 |
| Petitioner, | Agency No. A073-992-027 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2017**
San Francisco, California

Before: GRABER and N.R. SMITH, Circuit Judges, and SIMON,*** District Judge.

Petitioner Jorge Contreras Pineda is a native and citizen of El Salvador who

unlawfully entered the United States in 1988. In 1989, Petitioner pleaded guilty to

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

*** The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

forcible rape, in violation of California Penal Code § 261(a)(2), and was sentenced to three years in prison. At the time of his conviction, the Immigration and Nationality Act ("INA") did not define "aggravated felony" to include rape. INA § 101(a)(43)(a); 8 U.S.C. 1101(a)(43)(A) (1988).

At his removal proceedings, Petitioner conceded removability but requested relief from removal under § 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2193 (1997). The immigration judge and the Board of Immigration Appeals denied relief because, they concluded, the rape conviction was an aggravated felony that rendered him ineligible for NACARA relief. Petitioner timely petitions for review. We have jurisdiction, 8 U.S.C. § 1252, and deny the petition.

1. To establish eligibility for relief under NACARA, an alien must show, among other things, that he is not removable under INA § 237(a)(2), 8 U.S.C. § 1227(a)(2). 8 C.F.R. § 1240.66(b)(1). An alien is removable under INA § 237(a)(2); 8 U.S.C. § 1227(a)(2), if he has been convicted of an aggravated felony. As of 1996, the INA defines "aggravated felony" to include rape. INA § 101(a)(43)(A); 8 U.S.C. § 1101(a)(43)(A). Petitioner's statute of conviction is a rape offense for the purposes of the INA. *Castro-Baez v. Reno*, 217 F.3d 1057, 1058–59 (9th Cir. 2000). The expanded definition of "aggravated felony" applies

retroactively.  *See, e.g., Aragon-Ayon v. INS*, 206 F.3d 847, 853 (9th Cir. 2000); *see also INS v. St. Cyr*, 533 U.S. 289, 319 (2001) (explaining that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996's ("IIRIRA") amendment of the definition of "'aggravated felony' . . . clearly states that it applies with respect to 'convictions entered before, on, or after' the statute's enactment date" (alterations omitted)).

2.  Petitioner also is ineligible for relief under former INA § 244(a)(2). Under that repealed provision, a person convicted of a crime of moral turpitude was eligible for suspension of deportation only if, among other things, he had "been physically present in the United States for a continuous period of not less than ten years immediately following the commission of" the crime involving moral turpitude.  INA § 244(a)(2); 8 U.S.C. 1254(a)(2) (repealed 1996).  Petitioner concedes that, in 1989, rape was a crime involving moral turpitude.  In 1996, when IIRIRA repealed that form of relief, only about eight years had passed since his conviction.  He was, therefore, ineligible for suspension of deportation both at the time he was convicted and at the time that IIRIRA took effect.  Petitioner lost only the opportunity to become eligible for suspension of deportation under INA § 244(a)(2) with the passage of IIRIRA.  Under *Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1328 (9th Cir. 2006), such a loss of opportunity for eligibility does not

establish the impairment of a vested right.  It is, therefore, not impermissibly retroactive to deny Petitioner eligibility for discretionary relief under the repealed statute.

**Petition DENIED.**