**Luis Felipe CERVANTES–GONZALES,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

**No. 99–70403.**

United States Court of Appeals,
Ninth Circuit.

Filed Nov. 14, 2000

Amended April 4, 2001

James M. Byrne, Elhaam Hashemi, and Susanna I. Bogue, Byrne, Bogue & Byrne, San Francisco, California, for the petitioner.

Susan Houser, U.S. Department of Justice, Washington, D.C., for the respondent.

Before: REINHARDT, BRUNETTI, and RYMER, Circuit Judges.

### ORDER

The opinion filed November 14, 2000, is amended to delete the last paragraph starting on page 14493 and carrying over to page 14494 (Likewise, "the extreme hardship" clause . . . .) of the slip opinion and replacing it with the following two paragraphs:

Like the discretionary relief at issue in *Samaniego–Meraz*, § 212(i) provides immigration judges with discretion to waive a bar to admissibility. "In general, denying eligibility for discretionary relief from deportation . . . does not constitute an impermissible retroactive application of a statute." *Magana–Pizano v. INS*, 200 F.3d 603, 612 (9th Cir.1999). Unlike a defendant who pleads guilty in reliance on the availability of discretionary relief, *id.* at 614, in this case, Cervantes could not seriously claim that his conduct would have been different had he known that Congress would amend § 212(i) as it did in IIRIRA.

As explained, *supra*, IIRIRA amended § 212(i) by changing the standard for the exercise of discretion from a balancing of the equities to a showing of "extreme hardship," and it eliminated judicial review of denials of § 212(i) relief. These changes did not "severely disturb . . . settled expectations." *Id.* at 613. *Samaniego–Meraz* and *Magana–Pizano* make clear that applying the changes to § 212(i) to Cervantes is not a retroactive application of IIRIRA. As such, under § 212(i)(2), we are without jurisdiction to review the BIA's decision regarding discretionary waivers. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000).

### OPINION

BRUNETTI, Circuit Judge:

In this petition, we consider: (1) whether the petitioner is inadmissable under the Immigration and Nationality Act (INA) § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i) (1994)(amended 1996), and (2) whether the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) § 349, Pub.L. No. 104–208, 110 Stat. 3009–639, INA § 212(i), 8 U.S.C. § 1182(i) (1996), applies to cases that were pending at the time IIRIRA was enacted.

### I.

Cervantes–Gonzales is a citizen of Mexico who entered the United States without inspection in 1989. In 1991, he purchased a false Texas birth certificate from a street vendor so that he could obtain employment. He later used the false birth certificate to procure an actual social security card, also to enable him to work. In 1994, Cervantes–Gonzales used these documents to apply for a United States passport. His fraudulent efforts to obtain a false passport lead to his arrest and conviction, under 18 U.S.C. § 1028(a)(4), for possession of false identification documents. While under arrest, on December 13, 1994, the INS initiated deportation proceedings.

While the proceedings were still pending, Cervantes–Gonzales married Araceli Serna Cervantes, who he had begun dating a year earlier. Mrs. Cervantes was a lawful permanent resident at the time, and became a United States citizen in August 1996. Also while the deportation proceedings were still pending, and based on an approved relative immigrant visa petition filed by Mrs. Cervantes, Cervantes–Gonzales applied for an adjustment of status under INA § 245(i), 8 U.S.C. § 1255(i) (1994)(amended 1996). This section authorizes adjustment of status for aliens who entered the United States without inspection, are the beneficiaries of approved immigrant visa petitions, and are not otherwise inadmissible.

On January 21, 1997, after enactment of IIRIRA, the immigration judge determined that Cervantes–Gonzales was inadmissible pursuant to § 212(a)(6)(C)(i). Furthermore, applying § 212(i), as amended by IIRIRA, the immigration judge de-

nied Cervantes–Gonzales's request for a discretionary waiver of inadmissibility. As a result, Cervantes–Gonzales was ineligible for an adjustment of status under § 245(i).

Cervantes–Gonzales appealed the immigration judge's ruling to the Board of Immigration Appeals (BIA). The BIA likewise found Cervantes–Gonzales inadmissible, as well as determined that § 212(i), as amended by IIRIRA, applied to this matter even though deportation proceedings had been pending at the time IIRIRA was enacted. Cervantes–Gonzales now seeks review of the BIA ruling. We have jurisdiction pursuant to INA § 106(a), 8 U.S.C. § 1105(a) (1994)(amended 1996), and we deny the petition.

## II.

█ The BIA determined that Cervantes–Gonzales is inadmissible under § 212(a)(6)(C)(i) because he procured false documents with which he sought to obtain a passport. We review an agency's application of a statute de novo. *See Braun v. INS,* 992 F.2d 1016, 1018 (9th Cir.1993).

Section 212(a)(6)(C)(i) provides:

Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible.

Through the use of a fraudulently obtained Texas birth certificate and social security card, Cervantes–Gonzales attempted to obtain a passport so that he could enter the United States after traveling abroad. Although Cervantes–Gonzales contends that he sought to procure a passport simply to make it easier for him to obtain employment, the record shows that he was the member of a band that traveled internationally and would need the passport to gain entry back into the United States. Using fraudulent documents to obtain a passport is conduct that is clearly covered under the Act, thus rendering Cervantes–Gonzales inadmissible.

## III.

█ In order to obtain an adjustment of status under § 245(i), Cervantes–Gonzales applied for a discretionary waiver of inadmissibility under § 212(i). Before the IIRIRA amendment, § 212(i) stated that the Attorney General may, in her discretion, waive application of § 212(a)(6)(C)(i) "in the case of an immigrant who is the spouse, parent, or son or daughter of a United States citizen or of an immigrant lawfully admitted for permanent residence."

However, IIRIRA § 349 amended § 212(i) to read:

(1) The Attorney General may, in the discretion of the Attorney General, waive the application of clause (i) of subsection (a)(6)(C) in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien.

(2) No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under paragraph (1).

█ Both the immigration judge and the BIA applied § 212(i), as amended by IIRIRA, in denying Cervantes–Gonzales's request. The BIA's determination of purely legal questions is reviewed de novo. *See Milne v. Hillblom,* 165 F.3d 733, 735 (9th Cir.1999) (reviewing de novo jurisdictional limitations of IIRIRA).

IIRIRA altered § 212(i) in two ways that are relevant to the present case. First, it changed the standard for obtaining a waiver of inadmissibility by requiring a showing of extreme hardship. Second, it introduced a jurisdictional bar to review the Attorney General's discretionary decisions. If § 212(i), as amended, applies,

then we are without jurisdiction to review the BIA's denial of waiver of inadmissibility.

■ However, we retain jurisdiction to review whether the BIA applied the correct discretionary waiver standard in the first instance. *See Aragon–Ayon v. INS,* 206 F.3d 847, 849 (9th Cir.1999). The Supreme Court has articulated a two step process for determining whether a new section of a statute applies to proceedings that were already pending when the act was passed. We must first determine whether the statutory text "manifests an intent that [it] should be applied to cases that arose" before its enactment. *See Landgraf v. USI Film Products,* 511 U.S. 244, 257, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). If such intent is clear, then this is the end of the analysis. *See id.* at 263, 114 S.Ct. 1483. If the intent cannot be ascertained, then the second step requires us to determine if the statute acts retroactively by assessing whether it "takes away or impairs vested rights," "creates a new obligation," "imposes a new duty," or "attaches a new disability" in respect to transactions or considerations already past. *See id.* at 269, 114 S.Ct. 1483 (internal citation omitted).

Section 212(i), as amended by IIRIRA, is silent as to whether the statute should apply to cases pending when the Act was amended. Congress did not specify an effective date, and no generally applicable effective date provision applies. Furthermore, the legislative history provides little insight into Congress's intent. *See Lindh v. Murphy,* 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (rules of statutory construction may apply to remove even the possibility of retroactivity). Indeed, when IIRIRA was initially passed by the House, what ultimately became amended, INA § 212(i), was placed under IIRIRA Subtitle A of Title III. H.R. 2202, 104th Cong. (passed by House Mar. 21, 1996). Section 309 of Subtitle A generally prohibited any provision within that subtitle from being applied to pending cases. *See id.* In the final bill passed into law, § 212(i) was deliberately moved and put from § 301 in Subtitle A to § 349 in Subtitle C. *See* IIRIRA § 349. Some subsections within Subtitle C specifically provide for prospective application, others to pending cases, and still others, including § 212(i), are completely silent as to the effective date.[2] Under these circumstances, no inference can be drawn as to the lack of an effective date in IIRIRA § 349.

The motive behind moving amended § 212(i) to Subtitle C is itself ambiguous. Perhaps Congress moved the provision so that it would no longer fall under Subtitle A's general effective date clause prohibiting it from applying to pending cases. Or perhaps Congress inadvertently forgot to attach an effective date clause after the provision was moved. We refuse to speculate. Since neither the express wording of the statute nor the legislative history shed light on Congress's intent, we must determine whether the statute has retroactive effect.

In determining whether amended § 212(i) has retroactive effect, we are guided by this Court's reasoning in *Samaniego–Meraz v. INS,* 53 F.3d 254 (9th Cir.1995). There, the BIA refused to consider Samaniego–Meraz's petition for waiver of deportation under INA § 212(c) because he had been convicted of aggravating felonies resulting in at least five years imprisonment. *See id.* at 255. Samaniego–Meraz argued that the bar based on aggravated felony convictions does not apply to him because his convictions pre-

---

**2.** Subtitle C of Title III contains sections 341 to 353. Sections 341 and 350 apply prospectively *after* the day of enactment. Sections 344 and 352 apply prospectively *on or after* the date of enactment. Section 342 is effective on the date of enactment, but applies to an act of incitement "regardless of when it occurs." Section 346 becomes effective 60 days after the date of enactment. Sections 347, 348 and 351 generally apply to pending matters, as well as prospectively. Sections 343, 345, 349 and 353 are silent as to the effective date.

dated the enactment of the act providing the bar. *See id.* In finding that the act did not impose retroactive application of the statute, we held that "Congressional repeal of a discretionary power to relieve an alien from deportation does not attach any new legal consequence to the pre-enactment events." *See id.* at 256.

Like the discretionary relief at issue in *Samaniego–Meraz,* § 212(i) provides immigration judges with discretion to waive a bar to admissibility. "In general, denying eligibility for discretionary relief from deportation ... does not constitute an impermissible retroactive application of a statute." *Magana–Pizano v. INS,* 200 F.3d 603, 612 (9th Cir.1999). Unlike a defendant who pleads guilty in reliance on the availability of discretionary relief, *id.* at 614, in this case, Cervantes could not seriously claim that his conduct would have been different had he known that Congress would amend § 212(i) as it did in IIRIRA.

As explained, *supra,* IIRIRA amended § 212(i) by changing the standard for the exercise of discretion from a balancing of the equities to a showing of "extreme hardship," and it eliminated judicial review of denials of § 212(i) relief. These changes did not "severely disturb ... settled expectations." *Id.* at 613. *Samaniego–Meraz* and *Magana–Pizano* make clear that applying the changes to § 212(i) to Cervantes is not a retroactive application of IIRIRA. As such, under § 212(i)(2), we are without jurisdiction to review the BIA's decision regarding discretionary waivers. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000).

PETITION DENIED.