**Grace Uy PUA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71415.

INS No. A70–224–019.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2002.*

Decided July 22, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.  R.App. P. 34(a)(2).

Before KOZINSKI and FERNANDEZ, Circuit Judges, and KING,** District Judge.

MEMORANDUM ***

Grace Uy Pua ("Uy"), a native and citizen of the Philippines, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of the Immigration Judge's ("IJ") denial of her application for suspension of deportation.

This petition falls under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996) ("IIRIRA"). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997) ("As to cases in which a final deportation or exclusion order was filed after October 30, 1996, and which were pending before April 1, 1997, IIRIRA's transitional rules apply."). Immigration proceedings were initiated against Uy in November of 1993, well before IIRIRA's effective date of April 1, 1997. The BIA's final order of deportation was issued on July 25, 2001, well after October 30, 1996.

Under IIRIRA's transitional rules, "there shall be no appeal of any discretionary decision under section 212(c), 212(h), 212(i), 244, or 245 of the Immigration and Nationality Act [sections 1182(c), 1182(h), 1182(i), 1254, or 1255 of this title] (as in effect as of the date of the enactment of this Act [Sept. 30, 1996])." IIRIRA § 309(c)(4)(E), 8 U.S.C.A. § 1101 historical and statutory notes (1999) (square brackets in original).

"However, we retain jurisdiction to review whether the BIA applied the correct discretionary waiver standard in the first instance." *Cervantes–Gonzales v. INS*, 244 F.3d 1001, 1005 (9th Cir.2001) (citation omitted). "We continue to have jurisdiction to determine whether jurisdiction exists[.]" *Aragon–Ayon v. INS*, 206 F.3d 847, 849 (9th Cir.2000). The court also has jurisdiction over due process challenges. *Antonio–Cruz v. INS*, 147 F.3d 1129, 1130 (9th Cir.1998).

■ As for suspension of deportation, the only issue is "extreme hardship," which is a discretionary decision. *See Kalaw*, 133 F.3d at 1152 ("Determination of ... 'extreme hardship' is clearly a discretionary act."). We therefore lack jurisdiction to review this determination.

■ As for due process, the IJ did not violate due process in limiting Uy's sister's testimony, which would have been relevant only to determining whether deportation would cause extreme hardship to Uy (not to her sister). *See* 8 U.S.C. § 1254(a)(1) (1994) (repealed). As the BIA found, even if the IJ should have allowed Uy's sister to testify, there was no prejudice because the BIA presumed emotional hardship to Uy and accepted that the two were particularly close. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir.2000) (requiring a showing of substantial prejudice). The BIA indicated it nevertheless would not have found extreme hardship. Although the BIA incorrectly mentioned that Uy's sister was not legally in the United States (the sister having adjusted her status after the hearing), this change was never includ-

---

** Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ed in the administrative record. We therefore may not properly consider it in reviewing the Board's decision. *Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc) ("To the extent our prior decisions may be interpreted as authorizing us to take judicial notice of information not part of the administrative record or nor previously submitted to the Board, they are overruled as inconsistent with the Act and prior precedent."). Finally, the IJ did not violate due process by "assuming the role of the trial attorney." *See Antonio–Cruz,* 147 F.3d at 1131 (holding that the Due Process Clause does not preclude an Immigration Judge from engaging in vigorous questioning).

PETITION FOR REVIEW DENIED.