Valodia BALABEKYAN; et al., Petitioners,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–71752.

INS Nos. A72–514–637, A72–514–638, A72–514–639, A72–514–529.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.**

Decided June 20, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* John Ashcroft, Attorney General, is the proper respondent. The clerk shall amend the docket to reflect the above caption.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Valodia Balabekyan, his wife Melanie Karapetian, and their children Artak Balabekyan and Arman Balabekyan ("the Balabekyans"), petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an Immigration Judge's ("IJ") denial of their applications for suspension of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review legal determinations de novo, *Cervantes–Gonzales v. INS*, 244 F.3d 1001, 1004 (9th Cir.2001), and we grant the petition.

Under IIRIRA's [1] stop-time rule, an applicant stops accruing time towards the continuous physical presence requirement for suspension of deportation or withholding of removal when a charging document is issued. *Ram v. INS*, 243 F.3d 510, 513–16 (9th Cir.2001). In *Astrero v. INS*, 104 F.3d 264, 266 (9th Cir.1996), this court held that IIRIRA's new stop-time rule could not be applied in proceedings conducted before its effective date of April 1, 1997. *Guadalupe–Cruz v. INS*, 240 F.3d 1209, 1211 (9th Cir.2001).

During a January 9, 1997 hearing, the IJ disregarded this court's holding in *Astrero* as dictum, and erroneously concluded that the Balabekyans were ineligible for suspension of deportation because they failed to meet the seven-year continuous physical presence requirement before the issuance of the Order to Show Cause. "Had the IJ relied on pre-IIRIRA law as he should have, [the Balabekyans] would have met the pre-IIRIRA continuous physical presence requirement." *See Guadalupe–Cruz*, 240 F.3d at 1211. Instead, the IJ continued the hearing to a date after April 1, 1997, and the Balabekyans were ultimately denied relief. Because the basis for the continuance was the IJ's misapplication of *Astrero*, the BIA erred by failing to correct this "serious procedural error." *See Guadalupe–Cruz*, 240 F.3d at 1212 & n. 7.

We reverse and remand to the BIA with instructions to remand to the IJ. In determining whether the Balabekyans are eligible for suspension of deportation, the IJ shall apply the law as it existed on January 9, 1997, and consider current facts and circumstances. *See id.* at 1212.

PETITION GRANTED, REVERSED AND REMANDED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996.