Sukhwinder **SINGH,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 04–72000.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

### MEMORANDUM **

Sukhwinder Singh, a.k.a Harjit Singh Kanda, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") denial of his application for adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo the agency's application of a statute, *see Cervantes–Gonzales v. INS*, 244 F.3d 1001, 1004 (9th Cir.2001), and we deny the petition for review.

We affirm the IJ's determination that Singh was inadmissible under INA § 212(a)(6)(C)(i) due to his long history of misrepresentation and fraud. *See* 8 U.S.C.

** This disposition is not appropriate for publication and may not be cited to or by the

§ 1182(a)(6)(C)(i). Specifically, Singh admits that he applied for asylum, and was convicted of sexual battery and false imprisonment by violence under one name, and then filed an application for adjustment of status under another name. In conjunction with his adjustment application, Singh stated under oath that he had never been arrested, charged, or fined for breaking any law and had never sought to procure immigration benefits by fraud or willful misrepresentation. Then, in his adjustment interview, Singh stated under oath that he had never used an alias. Under these facts, the IJ's determination that Singh was inadmissible is not manifestly contrary to law. *See* 8 U.S.C. § 1252(b)(4)(C).

Singh's remaining contentions lack merit.

### PETITION FOR REVIEW DENIED.