**Martin Noe CAZARES–ZUNIGA,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 03–72242.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2005.*

Decided Sept. 19, 2005.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Stephen J. Flynn Fax, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Before: GRABER and W. FLETCHER, Circuit Judges, and FOGEL,** District Judge.

## MEMORANDUM ***

Petitioner Martin Noe Cazares–Zuniga is a Mexican national subject to removal as an alien who has not been lawfully admitted into the United States. He appeals the Board of Immigration Appeals' ("BIA") refusal to grant him cancellation of removal pursuant to section 240A(b)(1) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1229b(b)(1). Section 240A(b)(1) allows the Attorney General, in his discretion, to grant relief when removal would cause an "exceptional and extremely unusual hardship" to family members with American citizenship. Petitioner has three American citizen children, and he claims that their education and welfare would suffer if the family were forced to relocate to Mexico.

The INA as amended by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) provides that "no court shall have jurisdiction to review ... any judgment regarding the granting of" cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). This jurisdiction-stripping provision applies only to "decisions by the BIA that involve the exercise of discretion." *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir.2002). As we have previously held, the decision to grant or deny cancellation of removal for extreme hardship is discretionary. *Romero–Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir.2003). Petitioner argues that our decision in *Romero–Torres* is erroneous. However, we do not have the authority to overturn it. *See United States v. Belgarde*, 300 F.3d 1177, 1181 (9th Cir.2002) (stating that "a panel not sitting *en banc* has no authority to overturn Ninth Circuit precedent[.]").

Petitioner also argues that the immigration judge applied the wrong standard to determine whether his children met the "exceptional and extremely unusual hardship" threshold. The Court retains jurisdiction "to review whether the BIA applied the correct discretionary waiver standard in the first instance." *Cervantes–Gonzales v. INS*, 244 F.3d 1001, 1005 (9th Cir.2001). Petitioner contends that the BIA failed to apply the set of considerations set forth in *In re Recinas*, 23 I. & N. Dec. 467 (B.I.A. 2002), as relevant to the "exceptional and extremely unusual hardship" determination. Had the BIA applied the hardship standard announced in IIRIRA's transitional rules, or contained in the pre-IIRIRA INA, Petitioner would allege a reviewable violation. *See Cervantes–Gonzales*, 244 F.3d at 1005 (reviewing the BIA's decision to determine whether the pre-IIRIRA standard for waiver of inadmissibility applied); *Aragon–Ayon v. INS*, 206 F.3d 847, 849–50 (9th Cir.2000) (reviewing BIA's decision to apply retroactively post-IIRIRA definition of aggravated felony). The mere "misapplication of relevant case law," by contrast, may not be reviewed. *Sanchez–Cruz v. INS*, 255 F.3d 775, 789 (9th Cir.2001).

Petitioner also contends that the BIA's decision is arbitrary, irrational or contrary to law. This argument essentially asks us

---

** The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to review the BIA's action for abuse of discretion. *E.g., Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005). Because Petitioner's proceedings began after IIRIRA's effective date, we are "no longer empowered to conduct an 'abuse of discretion' review of the agency's purely discretionary determinations as to whether 'extreme hardship' exists." *Torres–Aguilar v. INS,* 246 F.3d 1267, 1270 (9th Cir.2001).

Finally, Petitioner argues that, by failing to apply the *Recinas* factors, the BIA violated his due process rights. The Court "retain[s] jurisdiction to review constitutional claims, even when those claims address a discretionary decision." *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir.2003). For a review of application of the extreme hardship standard, the *"only* task is to ensure that the BIA's construction of the statutory terms does not stray beyond the wide range of possible interpretations encompassed by those terms." *Id.* The BIA evaluated Petitioner's application for cancellation of removal pursuant to the factors announced in *In re Monreal–Aguinaga,* 23 I. & N. Dec. 56, 63–64 (B.I.A.2001). We have previously held that the *Monreal–Aguinaga* test passes due process muster. *Ramirez–Perez,* 336 F.3d at 1006–07.

We lack jurisdiction to review the BIA's discretionary refusal to deny Petitioner cancellation of removal, and the BIA's decision does not violate due process. For these reasons, the petition is **DISMISSED IN PART AND DENIED IN PART.**