Jim Abdalla JOUZINE, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72573.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 2006.*

Decided June 16, 2006.

Antonio Reyna Salazar, Esq., Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, William C. Erb, Esq., Anh–Thu P. Mai, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: MCKEOWN and CLIFTON, Circuit Judges, and EZRA,** District Judge.

MEMORANDUM ***

Jimi Abdallah Jouzine appeals for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision finding

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Jouzine inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) for willfully making a material misrepresentation in order to procure an immigration benefit, denying a waiver of inadmissibility under 8 U.S.C. § 1182(i), and ordering Jouzine deported to Israel. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

■ The IJ correctly found Jouzine inadmissible for willfully making a material misrepresentation in order to procure an immigration benefit. In considering Jouzine's application for adjustment of status, the IJ asked whether Jouzine had encountered "any problems with the law" or arrests since his initial immigration hearing. Jouzine repeatedly denied any problems with the law or arrests, even though the record shows that he was arrested for assault and served six months of probation in connection with an incident at the gas station where he worked.

This misrepresentation was willful, as the record shows that Jouzine had a clear and detailed recollection of the incident when he testified before the IJ in 2002. Cf. Forbes v. INS, 48 F.3d 439, 442 (9th Cir.1995). The misrepresentation was intended to procure an immigration benefit; Jouzine justified his statements because he did not want to delay his adjustment of status application. The misrepresentation was material, as knowledge of a second arrest for assault, the same offense that the IJ considered in denying Jouzine's 1993 application, would have a "natural tendency to influence" the IJ's discretionary decision to grant adjustment of status. Cf. Forbes, 48 F.3d at 442–43.

■ We lack jurisdiction to consider the IJ's discretionary denial of a waiver of inadmissibility. See 8 U.S.C. § 1182(i)(2) ("No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under [§ 1182(i)(1) ]."); Cervantes–Gonzales v. INS, 244 F.3d 1001, 1005–06 (9th Cir. 2000).

We also lack jurisdiction to consider Jouzine's due process claim, as he did not exhaust his administrative remedies with respect to this claim. Liu v. Waters, 55 F.3d 421, 426 (9th Cir.1995).

The petition for review is DENIED.