**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued October 26, 2005
Decided January 25, 2007

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-2345

| | |
|---|---|
| LETICIA CERVANTES DE HERNANDEZ, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *Petitioner-Appellant,* | |
| v. | |
| | No. 05 C 347 |
| MICHAEL CHERTOFF, et al., | |
| *Respondents-Appellees.* | Rudolph T. Randa, *Chief Judge.* |

O R D E R

Letitia Cervantes de Hernandez, a Mexican citizen, seeks an adjustment of her status and a waiver of inadmissibility.  The Immigration Judge ("IJ") denied both requests.  Cervantes de Hernandez argues that the IJ's failure to determine whether she made a material and willful misrepresentation on her application for an adjustment of status denied her due process.  She also contends that the IJ applied an improper legal standard to her request for a waiver of inadmissibility.  We, however, lack jurisdiction to review Cervantes de Hernandez's due process challenges to the denial of her requests for adjustment of status and a waiver of inadmissibility.  Moreover, even if we could review her challenge to the denial of her waiver request, the IJ did not apply an improper standard in denying the request.  As a result, we deny the petition for review.

## I.  BACKGROUND

Letitia Cervantes de Hernandez, a Mexican citizen, entered the United States without inspection over twenty years ago.  She is married to a United States citizen and has two United States citizen children, ages thirteen and nineteen at the time of the immigration judge's decision.  In 1995, she pled guilty to transferring false United States identification documents and possessing unlawful United States documents in violation of 18 U.S.C. §§ 1028(a)(2) and 1028(a)(6).  She received a sentence of two years' probation.

The United States government initiated deportation proceedings in 1996, alleging that she entered the United States without inspection.  Cervantes de Hernandez then filed an Application to Register Permanent Residence or Adjust Status Form (an "I-485 form").  One question on this application asked whether she had ever "been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations."  The answer "no" followed this question on the application she filed.  Acknowledging this answer was incorrect in light of her conviction, she suggests that her attorney is responsible for the misrepresentation.  In December 1997, the government notified Cervantes de Hernandez of additional grounds for deportability, including that she had willfully misrepresented a material fact on her I-485 form.  *See* 8 U.S.C. § 1182(a)(6)(C)(i).  She then filed an application for a waiver of inadmissibility.

After a series of hearings, the immigration judge ruled that Cervantes de Hernandez was deportable because she entered the United States without inspection.  *See* 8 U.S.C. § 1227.  Although the IJ found Cervantes deportable for entering the United States without inspection, she may have been able to lawfully remain in the United States if the IJ had granted her request for an adjustment of status. *See* 8 U.S.C. § 1255(i)(1).  The IJ, however, found that Cervantes de Hernandez was subject to the ground of inadmissibility contained in 8 U.S.C. § 1182(a)(6)(C)(i).  This section provides that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible."

An  applicant deemed inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) needs a waiver of inadmissibility to be eligible for an adjustment of status.  *See* 8 U.S.C. § 1182(i).  Although Cervantes de Hernandez had applied for such a waiver, the IJ denied her request.  After noting that normally her family ties would mean he would grant the waiver (she was married to a United States citizen and had two United States citizen children), the IJ found that Cervantes de Hernandez's testimony at the hearing "was neither altogether truthful nor candid."  The IJ concluded that Cervantes de Hernandez's testimony on cross examination amounted to significant involvement in the false identification scheme for which she had been convicted, and that the evidence suggested she had much more

involvement than she had admitted on direct examination. He therefore denied her request for a waiver of inadmissibility.

Cervantes de Hernandez appealed to the BIA. The BIA affirmed the IJ's decision without opinion and ordered her to voluntarily depart within thirty days. Cervantes de Hernandez next filed a motion to reopen alleging that her former attorney had provided ineffective assistance of counsel by answering the criminal history question on her I-485 form incorrectly. In connection with her motion to reopen, she submitted a letter from her former attorney instructing her to sign the form, complete a copy of the form, and then mail both back to him; the letter stated he would then have the answers typed on the original form. Cervantes de Hernandez filed her motion to reopen one day late, however, and the BIA denied it as untimely, noting that Cervantes was represented by counsel and could have raised the claims against her former counsel earlier.[1] Cervantes de Hernandez later filed a petition for writ of habeas corpus in the district court. The district court denied her petition, and Cervantes de Hernandez filed a notice of appeal.

## II. ANALYSIS

A.      We will treat this matter as a petition for review.

Shortly after Cervantes de Hernandez filed her appeal from the district court's decision denying her petition for a writ of habeas corpus, the REAL ID Act took effect. The Act does not set forth how a court of appeals should treat an appeal from a district court's denial of a request for habeas relief brought under 28 U.S.C. § 2241 that was pending in the appellate court when the Act took effect. We have, however, joined other circuits in concluding that these claims should also be treated as petitions for review. *Padilla v. Gonzales*, 470 F.3d 1209, 1213 (7th Cir. 2006) (citing *Gonzales-Gomez v. Achim*, 441 F.3d 532, 533 (7th Cir. 2006); *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005); *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050 (9th Cir. 2005); *Bonhometre v. Gonzales,* 414 F.3d 442 (3d Cir.2005)). Both parties agree that this is the proper course. The REAL ID Act nullified the district court's ruling on Cervantes de Hernandez's habeas petition, and we will review her case as a petition for review. *See Padilla*, 470 F.3d at 1213.

B.      Cervantes de Hernandez's challenges to the denials of her requests
           for adjustment of status and a waiver of inadmissibility do not
           succeed.

Cervantes de Hernandez presents two arguments to us. First, she contends that the IJ's failure to explicitly determine the materiality and willfulness of the misrepresentation on her I-485 form denied her due process. Second, she argues that when the IJ denied her request for a waiver of inadmissibility, the IJ

---

[1]In her arguments to this court, Cervantes de Hernandez does not contest the denial of her motion to reopen.

improperly balanced the equities instead of determining whether she had suffered extreme hardship. She also contends this procedure denied her due process.

The government submits that we lack jurisdiction to consider either of these arguments. The Immigration and Nationality Act states that appellate courts may not review "(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this [subchapter] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B). Both Cervantes de Hernandez's request for adjustment of status (8 U.S.C. § 1255) and request for a waiver of inadmissibility (8 U.S.C. § 1182(i)) fall within this provision. The REAL ID Act, however, 2005, qualifies this jurisdiction-stripping provision with a new provision that provides:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D). As a result, we may review constitutional claims and "questions of law" presented in final removal orders. *Hamdan v. Gonzales*, 425 F.3d 1051, 1057 (7th Cir. 2005).

Cervantes de Hernandez labels her claims as constitutional due process claims, and aliens have a constitutional right to due process in immigration proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993); *Giday v. Gonzales*, 434 F.3d 543, 547 (7th Cir. 2006). Even so, "no due process challenge may be made unless the challenger has been (or is threatened with being) deprived of life, liberty, or property." *Cevilla*, 446 F.3d 658, 662 (7th Cir. 2006). As a result, we concluded in *Cevilla* that "an alien's right to due process does not extend to proceedings that provide only . . . discretionary relief." *Id.* (quoting *Hamdan v. Gonzales*, 425 F.3d 1051, 1060-61)); *see also Dave v. Ashcroft,* 363 F.3d 649, 653 (7th Cir. 2004).

### 1.     Adjustment of Status

Cervantes de Hernandez's challenge to the denial of her request for adjustment of status does not present a colorable due process claim. Because adjustment of status is a discretionary form of relief, an alien's right to due process does not extend to requests for such relief. *Hamdan*, 425 F.3d at 1051. And even if we could consider this claim, the record does not reflect that she was denied due process. Cervantes de Hernandez does not contend, for example, that she did not receive an opportunity to present evidence suggesting that the answer on her I-485 form was not a material misrepresentation. *Cf. Rodriguez Galicia v. Gonzales*, 422 F.3d 529, 538 (7th Cir. 2005) (due process requires that aliens receive a meaningful

opportunity to be heard and to present evidence on their behalf). Rather, she disagrees with the IJ's conclusion that she made a material misrepresentation on the form. This argument raises a challenge to the sufficiency of the evidence supporting the IJ's determination, not a due process claim. *See Cevilla*, 446 F.3d at 661 (application of law to facts does not constitute a reviewable due process claim). As a result, this challenge cannot succeed.

       2.      Waiver of Inadmissibility

Due process also does not extend to Cervantes de Hernandez's request for a waiver of inadmissibility. The provision under which she seeks a waiver, 8 U.S.C. § 1182(i)(1), provides:

> The Attorney General may, in the discretion of the Attorney General, waive the application of clause (i) of subsection (a)(6)(C) of this section in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen . . . .

First, like an adjustment of status, the waiver of inadmissibility that Cervantes de Hernandez seeks is a discretionary form of relief. *See Vasile v. Gonzales*, 417 F.3d 766, 768 (7th Cir. 2005) ("Permissive language that refers to demonstrating something to the agency's 'satisfaction' is inherently discretionary."). In addition, Cervantes de Hernandez's contention that the IJ did not determine whether she or her family members would suffer "extreme hardship" if her request was denied does not aid her due process argument. We considered a similar argument in *Cevilla* and concluded that "even if all the statutory criteria, including extreme hardship, are present" we would still lack jurisdiction to review the due process challenge "because [the criteria] are merely preconditions to asking the government to exercise discretion in the government's favor." 446 F.3d at 662. Although *Cevilla* addressed cancellation of removal and not a waiver of inadmissibility, the same principle applies here. Because a waiver of inadmissibility is discretionary, even if Cervantes de Hernandez had shown extreme hardship, we could not review her due process challenge.

We have, however, reviewed as "questions of law" challenges to whether the correct legal standard was applied to a claim. *See Ali v. Achim*, 468 F.3d 462, 465 (7th Cir. 2006). Cervantes de Hernandez maintains that the IJ used an improper standard when it denied her request for a waiver of inadmissibility, as she contends the IJ should have determined whether she suffered extreme hardship. Although a waiver of inadmissibility under 8 U.S.C. § 1182(i) now requires a showing of extreme hardship, *see Cervantes-Gonzales v. I.N.S.*, 244 F.3d 1001, 1004 (9th Cir. 2001), the statute does not make a waiver of inadmissibility automatic upon an extreme hardship demonstration. Rather, as in the cancellation of removal relief at issue in *Cevilla*, a showing of "extreme hardship" is only one of the "preconditions to

asking the government to exercise discretion in its favor." 446 F.3d at 662; *see* 8 U.S.C. § 1182(i).

We do not find that the IJ applied an improper standard in this case. The IJ's order explicitly set forth the proper "extreme hardship" standard and listed factors in a determination of whether "extreme hardship" exists. The IJ then stated that he would "pretermit threshold issues of eligibility for relief" and deny the waiver in the exercise of his discretion. The IJ noted that although Cervantes de Hernandez's family ties would ordinarily outweigh many other considerations, the IJ's conclusion that her testimony was "neither altogether truthful nor candid" led it to deny her request for a waiver. In support of this conclusion, the IJ pointed to her testimony that although she testified she did not know what Roberto Salas was doing while he lived at her home, she admitted that over $1000 was found in her bedroom and that a copier, cameras, a laminator, and counterfeit Social Security cards and resident alien cards were found in her home. The IJ concluded that the presence of these items suggested that she had more knowledge about the falsification of United States identification documents than her testimony on direct examination reflected.

The IJ's analysis does not reflect an improper failure to determine whether Cervantes de Hernandez had demonstrated "extreme hardship." Instead, it demonstrates that the IJ decided that even if Cervantes de Hernandez met statutory threshold issues of eligibility such as extreme hardship, the IJ denied her request in the exercise of its discretion. As a result, the IJ did not apply an improper standard to Cervantes de Hernandez's request for a waiver of inadmissibility.

## III. CONCLUSION

For the foregoing reasons, the petition for review is DENIED.