**Jaime ORNELAS–GONZALEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–76525.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2008.*

Filed June 5, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., U.S. Department Of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BYBEE, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Petitioner Jaime Ornelas–Gonzalez petitions for review of the Board of Immigration Appeals' decision affirming without

** This disposition is not appropriate for publication and is not precedent except as provid-

opinion the Immigration Judge's ("IJ") decision to deny his application for adjustment of status pursuant to section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i). Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Admissibility is a prerequisite to receiving a discretionary adjustment of status under INA section 245(i). 8 U.S.C. § 1255(i)(2)(A) (requiring that the alien be "admissible to the United States for permanent residence"). Congress has set forth categories of aliens who are "inadmissible" to the United States, including aliens who have been convicted of a crime of moral turpitude, INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), and aliens who by fraud or willful misrepresentation of a material fact seek admission into the United States, INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i). The IJ found that Ornelas–Gonzalez was inadmissible both as an alien convicted of a crime of moral turpitude, and as an alien who has willfully misrepresented a material fact in seeking admission into the United States. Either ground suffices to make Ornelas–Gonzalez inadmissible to the United States and, therefore, ineligible for adjustment of status.

The IJ found that Ornelas–Gonzalez was inadmissible under INA Section 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), because when he applied for adjustment of status, he lied under oath to an INS agent, stating that he had no criminal convictions, and he falsely checked "no" in response to the question of whether he had ever knowingly aided any alien attempting to enter the United States illegally.

ed by 9th Cir. R. 36–3.

INA section 212(i) provides in relevant part that the Attorney General may in his discretion "waive the application of [INA section 212(a)(6)(C)(i) ] in the case of an immigrant who is the spouse, son, or daughter of a United States citizen ... if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen ... spouse, or parent of such an alien." 8 U.S.C. § 1182(i)(1). The IJ denied Ornelas–Gonzalez this discretionary waiver because she found that any hardship to his family did not rise to the level of extreme hardship.

We lack jurisdiction to review the IJ's decision to deny Ornelas–Gonzalez a section 212(i) discretionary waiver. INA § 212(i)(2), 8 U.S.C. § 1182(i)(2) ("No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under paragraph (1)."). We only "retain jurisdiction to review whether the [IJ] applied the correct discretionary waiver standard in the first instance." *Cervantes–Gonzales v. INS*, 244 F.3d 1001, 1005 (9th Cir.2001).

Reviewing the IJ's oral opinion as a whole, it is clear that the IJ applied the correct "extreme hardship" standard. The IJ explicitly held that she did not "find that the hardship rises to what would be known as extreme hardship," and repeatedly explained the test in terms of "extreme hardship." The IJ's isolated comment that she was looking for a "very strong extreme hardship" to overcome Ornelas–Gonzalez's extensive criminal background does not establish that the IJ applied the wrong standard. Having determined that the IJ applied the correct legal standard, we are "without jurisdiction to review the [IJ's] decision regarding dis-

cretionary waivers." *Cervantes–Gonzales*, 244 F.3d at 1006; INA § 212(i)(2), 8 U.S.C. § 1182(i)(2).

Because any single ground for inadmissibility suffices to make Ornelas–Gonzalez ineligible for adjustment of status, we need not address whether Ornelas–Gonzalez is also inadmissible for having committed a crime of moral turpitude.

**PETITION DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.