**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO GONZALEZ-MENDOZA, aka Antonio Mendoza Gonzalez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 05-73239 <br><br> Agency No. A034-589-304 <br><br> MEMORANDUM [*] |
| ANTONIO GONZALEZ-MENDOZA, aka Antonio Mendoza Gonzalez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 05-74487 <br><br> Agency No. A034-589-304 |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted November 6, 2009

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: B. FLETCHER, CANBY, and GRABER, Circuit Judges.

Petitioner Antonio Gonzalez-Mendoza petitions from two decisions of the Board of Immigration Appeals (BIA). We deny his petition from the BIA's decision of May 4, 2005, and dismiss his petition from the BIA's July 18, 2005, denial of his motion for reconsideration.

**1.     May 4, 2005, BIA Decision**

In its May 4, 2005, decision, the BIA dismissed Gonzalez-Mendoza's appeal from the immigration judge's (IJ's) order of removal. We lack jurisdiction to review a discretionary decision to deny a 212(c) waiver, *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007), as well as orders of removal for aggravated-felon status, 8 U.S.C. § 1252(a)(2)(C). We do, however, have jurisdiction to review any "constitutional claims or questions of law," *id.* § 1252(a)(2)(D), which are examined de novo, *Cervantes-Gonzales v. INS*, 244 F.3d 1001, 1004 (9th Cir. 2001). A denial of a claim for deferral of removal based on the Convention Against Torture (CAT) is reviewed for substantial evidence. *Bellout v. Ashcroft*, 363 F.3d 975, 979 (9th Cir. 2004), *superseded by statute on other grounds as stated in Khan v. Holder*, No. 07-72586, 2009 WL 2871222 (9th Cir. Sept. 9, 2009); *see also Delgado v. Holder*, 563 F.3d 863, 874 (9th Cir. 2009).

2

We reject Gonzalez-Mendoza's claim that the IJ applied an incorrect legal standard in denying his application for a 212(c) waiver. The IJ correctly stated the legal standard, expressly stating that he was obliged to balance all the relevant factors. Even if the IJ applied an incorrect standard, the BIA undoubtedly applied the correct standard in its analysis; it is the BIA's and not the IJ's decision that we review. Gonzalez-Mendoza disagrees with the weight the BIA and IJ gave to the drug offense he committed after receiving a 212(c) waiver in 1990, but that discretionary balancing is not subject to our review.

The BIA also applied the correct legal standard of *In re Y— L—*, 23 I. & N. Dec. 270 (A.G. 2002), *overruled on other grounds by Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003), to conclude that because Gonzalez-Mendoza's 1996 drug conviction was a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B)(ii), he was not eligible for withholding of removal. Neither the BIA nor the IJ violated due process in concluding that Gonzalez-Mendoza is not eligible for withholding. The record contained sufficient information for the BIA to make its decision, and any incompleteness in the record is due solely to Gonzalez-Mendoza's failure to submit evidence.

Contrary to Gonzalez-Mendoza's argument, the IJ considered him for deferral of removal under CAT. Even if the IJ may have failed to consider

3

deferral, the BIA considered the evidence Gonzalez-Mendoza submitted in favor of deferral, and we conclude that substantial evidence supports the decision that Gonzalez-Mendoza is not entitled to CAT deferral. The assertion that he will be targeted by the corrupt Mexican police or army is at best speculative. Accordingly, we deny the petition for review of the BIA's May 4, 2005, decision.

### 2. July 18, 2005, BIA Decision

We lack jurisdiction over Gonzalez-Mendoza's claim that the IJ should have continued the August 12, 2003, hearing *sua sponte* as soon as he noticed that Gonzalez-Mendoza had a bandaged finger. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court of appeals lacks jurisdiction over claims not timely raised in administrative proceedings). Even if we did have jurisdiction over the claim, we would find it meritless. We dismiss the petition for review of the BIA's July 18, 2005, decision.

**DENIED IN PART, DISMISSED IN PART.**