**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HARVINDER KAUR, | No. 08-71024 |
| Petitioner, | Agency No. A096-395-300 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Harvinder Kaur, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review de novo the agency's application of a statute. *Cervantes-Gonzales v. INS*, 244 F.3d 1001, 1004 (9th Cir. 2001).  We review for substantial evidence factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

The agency properly determined that Kaur is inadmissible to the United States under § 212(a)(6)(C)(i) of the Immigration and Naturalization Act because she made willful misrepresentations at the airport by presenting someone else's passport and green card as her own, and she failed to timely and voluntarily retract those misrepresentations.  *See Cervantes-Gonzales*, 244 F.3d at 1004; *cf. Kungys v. United States*, 485 U.S. 759, 772 (1988) (whether a misrepresentation is material depends on "whether it had a natural tendency to influence the decisions of the [INS].").

Substantial evidence supports the agency's finding that Kaur failed to demonstrate that her uncle mistreated her on account of a protected ground.  *See Ayala v. Holder*, 640 F.3d 1095, 1097-98 (9th Cir. 2011) (per curiam) (even if an asserted social group is cognizable, the petitioner must show she was persecuted on account of her membership in that group).  Accordingly, Kaur's asylum and withholding of removal claims fail.  *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Finally, substantial evidence also supports the agency's denial of CAT relief because Kaur failed to establish that it is more likely than not she will be tortured by or with the acquiescence of the government of India. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**