Gustavo **SEGOVIANO MENDOZA,**
Petitioner,

v.

**Alberto R. GONZALES, Attorney General,** Respondent.

No. 05–74769.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2007.[*]

Filed May 21, 2007.

Jessica Boell, Esq., Immigrant Law Group LLP, Portland, OR, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department Of

---

**4.** *Id.*

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, Leslie McKay, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

The Board of Immigration Appeals ("BIA") dismissed Gustavo Segoviano Mendoza's appeal from the order of an immigration judge ("IJ"), affirming the IJ's finding of removability and denial of his application for a discretionary waiver of deportation under 8 U.S.C. § 1182(c) (repealed 1996),[1] and rejecting his constitutional attack on the retroactive application of IIRIRA § 321(a) to a pre-IIRIRA conviction for third degree rape. Segoviano Mendoza argues in his timely petition for review that the BIA violated his right to due process by retroactively applying IIRIRA's expanded aggravated felony definition to that conviction, see United States v. Ubaldo–Figueroa, 364 F.3d 1042, 1052 (9th Cir.2004) (amended opinion), and by denying him a "full and fair hearing" before the IJ, see Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Although § 1252(a)(2)(C) forecloses judicial review of "any final order of removal against an alien who is removable by reason of having committed [an aggravated felony]," pursuant to the REAL ID Act of 2005, Pub.L.

No. 109–13, Div. B, 119 Stat. 231 (2005), pursuant to § 1252(a)(D)(2), we retain jurisdiction over "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court."[2] Because Segoviano Mendoza has alleged two "colorable" due process claims, we have jurisdiction to review his petition. See Martinez–Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005) (holding that pursuant to the REAL ID Act we retain jurisdiction to review "colorable" allegations of constitutional error). The fact that we ultimately deny Segoviano Mendoza's petition for review does not strip our jurisdiction to consider those claims: "To be colorable ... the alleged violation need not be substantial, but the claim must have some possible validity." Torres–Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir.2001) (internal quotation marks and citation omitted); cf. Martinez–Rosas, 424 F.3d at 930 ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

"Whether application of IIRIRA is impermissibly retroactive presents a question of law that is reviewed de novo." Sinotes–Cruz v. Gonzales, 468 F.3d 1190, 1194 (9th Cir.2006) (citing Jimenez–Angeles v. Ashcroft, 291 F.3d 594, 599–600 (9th Cir. 2002)). When, as here, the BIA conducts its own review of the IJ's findings, we review the decision of the BIA rather than the IJ. Id. (citing Simeonov v. Ashcroft, 371 F.3d 532, 535 (9th Cir.2004)). "To the extent the BIA incorporates the IJ's decision as its own, we treat the IJ's statements of reasons as the BIA's and review

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Section § 1182(c) was repealed by § 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546. Because Segoviano Mendoza pled guilty before

this repeal, he remained eligible to apply for that relief. INS v. St. Cyr., 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

2. The REAL ID Act did not alter the prohibition on judicial review of denials of discretionary relief. See 8 U.S.C. § 1252(a)(2)(B).

the IJ's decision." *Id.* (citing *Gonzalez v. INS*, 82 F.3d 903, 907 (9th Cir.1996)).

■ When Segoviano Mendoza pled guilty, in February 1996, to third degree rape under Oregon Revised Statute section 163.355, that offense did not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43) (1995). IIRIRA § 321(a), however, amended 8 U.S.C. § 1101(a)(43)(A) to include "sexual abuse of a minor."[3] IIRIRA § 321(c) provided that "amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act, regardless of when the conviction occurred." Heeding this clear expression of congressional intent, we have repeatedly held that IIRIRA § 321(a) applies retroactively to pre-IIRIRA convictions. *See Cordes v. Gonzales*, 421 F.3d 889, 895–96 (9th Cir. 2005) (rejecting Cordes's due process challenge to the retroactive application of IIRIRA § 321); *Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1051–52 (9th Cir.2005) (applying the expanded aggravated felony definition to petitioner's pre-IIRIRA conviction and affirming removability under 8 U.S.C. § 1227(a)(2)(A)(iii)); *Aragon–Ayon v. INS*, 206 F.3d 847, 849 (9th Cir.2000) (same). This precedent forecloses Segoviano Mendoza's due process challenge to IIRIRA's retroactive application.

■ Nor has Segoviano Mendoza demonstrated that his proceedings before the IJ ran afoul of due process. Due process requires the BIA to provide a full and fair hearing and to consider all the evidence. *Larita–Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir.2000). Segoviano Mendoza has not shown that the agency denied him such opportunity by relying in part on hearsay in police reports; nor has he rebutted the presumption that it failed to consider all the relevant materials in the

record, including expert evidence of his rehabilitation. *See id.* ("[I]t is so expected that a court would review all relevant materials in the record that reviewing courts have presumed it.").

Because Segoviano Mendoza has not demonstrated that the agency violated his right to due process by retroactively applying IIRIRA § 321 to his pre-IIRIRA offense or by refusing him a full and fair hearing, we deny his petition for review.

**DENIED.**

RAWLINSON, Circuit Judge, concurring in part, dissenting in part:

I agree with my colleagues that the Board of Immigration Appeals acted properly in affirming the Immigration Judge's (IJ) finding of removability and denial of application for a discretionary waiver of deportation. I also agree that Petitioner Gustavo Segoviano Mendoza's challenge to the retroactive application of the Illegal Immigration Reform and Immigrant Responsibility Act is squarely foreclosed by our precedent.

My disagreement with my colleagues in the majority stems from our different views of Segoviano Mendoza's due process claims. The majority disposition resolves these claims on the merits. I conclude that we have no jurisdiction to resolve them at all.

Segoviano Mendoza's due process claims challenge the IJ's partial reliance on hearsay evidence and the IJ's asserted failure to consider all the evidence.

It is well established that hearsay is admissible in immigration proceedings. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir.2003). Because hearsay is admissible in immigration proceedings, the assertion that the IJ violated Segoviano Mendoza's due process rights by par-

---

3. Segoviano Mendoza has not argued that his conviction under Oregon Revised Statute section 163.355 does not constitute "sexual abuse of a minor."

tially relying on hearsay evidence is not colorable. *See, e.g., Beltran–Tirado v. INS,* 213 F.3d 1179, 1186 (9th Cir.2000) (rejecting petitioner's due process claim predicated on the IJ's acceptance of testimony given over the telephone).

A similar conclusion results when one considers Segoviano Mendoza's claim that the IJ failed to consider all the evidence. As the majority disposition notes, Segoviano Mendoza made absolutely no showing to rebut the presumption or refute the IJ's express representation that all evidence was reviewed. The absence of any meaningful challenge to the presumption and actuality of the full review performed by the IJ compels the conclusion that no colorable due process claim exists. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("To be colorable ... the claim must have some possible validity.") (citation omitted).